UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

DAVID D.,[1]

                    Plaintiff,

        v.                                        19-CV-1380-LJV
                                                  DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

───────────────────────────────


        On October 9, 2019, the plaintiff, David D. ("David"), brought this action under the

Social Security Act.  He seeks review of the determination by the Commissioner of

Social Security ("Commissioner") that he was not disabled.[2]  Docket Item 1.  On May

18, 2020, David moved for judgment on the pleadings, Docket Item 11; on August 11,

───────────────────

        [1] To protect the privacy interests of social security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18,
2020).

        [2] On June 24, 2016, the Administrative Law Judge ("ALJ") initially found that
David was not disabled.  Docket Item 6 at 13.  David appealed that decision to the
Appeals Council and submitted new evidence for its consideration.  Id. at 6-7.  The
Appeals Council refused to consider that new evidence because it "d[id] not relate to the
period at issue" and declined to review the ALJ's decision.  Id.  On March 27, 2019, this
Court found that the Appeals Council erred in rejecting the new evidence and remanded
the matter to the Appeals Council to determine whether the evidence was new and
material within the meaning of 20 C.F.R. § 416.1470(b).  Id. at 856-65.  On remand, the
Appeals Council considered the new evidence but again declined to review the ALJ's
decision, reasoning that the evidence "d[id] not show a reasonable probability that it
would change the outcome of the [ALJ's] decision."  Id. at 790-91.  That ruling is now
before this Court.

2020, the Commissioner responded and cross-moved for judgment on the pleadings,

Docket Item 15; and on September 1, 2020, David replied, Docket Item 16.

For the reasons stated below, this Court grants David's motion in part and denies

the Commissioner's cross-motion.[3]

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of

inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first

decide whether [the Commissioner] applied the correct legal principles in making the

determination."  *Id.*  This includes ensuring "that the claimant has had a full hearing

under the . . . regulations and in accordance with the beneficent purposes of the Social

Security Act."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v.

Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the

determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at 985

(quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla.

It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a reasonable

basis for doubt whether the ALJ applied correct legal principles, application of the

substantial evidence standard to uphold a finding of no disability creates an

---

[3]  This Court assumes familiarity with the underlying facts, the procedural history, and the ALJ's decision and will refer only to the facts necessary to explain its decision.

unacceptable risk that a claimant will be deprived of the right to have her disability

determination made according to correct legal principles."  *Johnson*, 817 F.2d at 986.

## DISCUSSION

David argues that the Appeals Council "improperly rejected new and material

evidence[ and] improperly failed to remand to the [ALJ]."  Docket Item 11-1 at 3.[4]  This

Court agrees that the Appeals Council erred and, because that error was to David's

prejudice, remands the matter so that the ALJ can consider the new evidence.

"Pursuant to 20 C.F.R. § 416.1470(b), the Appeals Council *must* consider

additional evidence that a claimant submits after the ALJ's decision if it is new, material,

and relates to the period on or before the ALJ's decision."  *Hollinsworth v. Colvin*, 2016

WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016) (emphasis added).  "[N]ew evidence

submitted to the Appeals Council following the ALJ's decision becomes part of the

administrative record for judicial review when the Appeals Council denies review of the

ALJ's decision."  *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996).  "If the Appeals Council

fails to fulfill its obligations under [section] 416.1470(b), 'the proper course for the

reviewing court is to remand [to the ALJ] for reconsideration in light of the new

---

    [4] David also argues that the ALJ made several errors and that her residual
functional capacity ("RFC") determination was not supported by substantial evidence.
*See* Docket Item 11-1 (incorporating arguments unaddressed by this Court's prior order,
*see* Case No. 17-CV-1181, Docket Items 14, 22).  Because this Court finds that the
Appeals Council erred in rejecting David's new evidence, the Court "will not reach the
remaining issues raised by [David] because they may be affected by the ALJ's
treatment of this case on remand."  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th
Cir. 2003); *see also Bonet ex rel. T.B. v. Colvin*, 2015 WL 729707, at *7 (N.D.N.Y. Feb.
18, 2015).

evidence.'" *Hollinsworth*, 2016 WL 5844298, at *3 (citing *McIntire v. Astrue*, 809 F.
Supp. 2d 13, 21 (D. Conn. 2010)).

    Evidence is new "if it did not exist prior to the ALJ's decision and is not
cumulative of what is already in the record." *Anthony P.B. v. Comm'r of Soc. Sec.*, 2021
WL 288769, at *3 (W.D.N.Y. Jan. 28, 2021) (citing *Pollard v. Halter*, 377 F.3d 183, 193
(2d Cir. 2004) (summary order)).   "Evidence is material if it is relevant to the claimant's
condition during the time period for which benefits were denied and there is a
reasonable probability that it would have influenced the Commissioner to decide the
claimant's application differently." *King v. Comm'r of Soc. Sec.*, 2020 WL 5248473, at
*1 (W.D.N.Y. Sept. 2, 2020) (citing *Webb v. Apfel*, 2000 WL 1269733, at *14 *W.D.N.Y.
Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991))).

    The new evidence that David submitted to the Appeals Council comprised six
pages of medical records from Niagara Falls Memorial Center dated July 12, 2016, to
July 21, 2016, and included a functional capacity evaluation by Elizabeth Stom, MSPT.
Docket Item 6 at 51-56.  In her opinion, Ms. Stom limited David to only "[o]ccasional[]"
pushing, pulling, sitting, standing, working his arms overhead, climbing stairs, walking,
balancing on uneven surfaces, and rotating his trunk. [5] *Id.* at 53-54.  She found that
David could "[f]requently" balance on level surfaces but that he could not crawl and
could not lift or carry 10 pounds.  *Id.*  In fact, during Ms. Stom's exam, David could not
even "complete the six[-]minute walk test [] due to his very large hernia and high blood

---

    [5] Ms. Stom defined the term "[o]ccasional as up to 1/3 of the day," and "[f]requent
as 1/3 to 2/3 of the day," consistent with the Dictionary of Occupational Titles.  Docket
Item 6 at 54.

pressure." *Id.* at 53.  Ms. Stom ultimately found that David "was unable to demonstrate the full capacity to perform a SEDENTARY job." *Id.* at 55 (emphasis in original).

The Appeals Council considered this evidence but nonetheless declined to review the ALJ's decision because Ms. Stom's opinion "d[id] not show a reasonable probability that it would change the outcome of the decision." *Id.* at 790-91.  More specifically, the Appeals Council found that Ms. Stom's opinion was "[not] consistent with other evidence in the record"; it also found that because David self-limited during the exam, his "reports of pain and disability" likely were inaccurate. *Id.*  For several reasons, the Appeals Council erred.

As an initial matter, David's self-limitation during Ms. Stom's exam may well have resulted from the severity of his medical conditions, not from an attempt to manipulate the test results.  During Ms. Stom's evaluation, David "self-limited [in] all job simulation tasks." *Id.* at 55.  While self-limitation can be the result of "psychological issues like fear of re-injury[ or] pain . . . [or] attempting to manipulate the test results," Ms. Stom explicitly found that David "appear[ed] to be extremely medically unstable." *Id.*  In fact, Ms. Stom recommended that David be "re-evaluated in 6 months or when [he is] more medically stable." *Id.*  So given Ms. Stom's findings, David's self-limitation—and his inability to perform work-related functions—likely was due to his "extreme[]" medical instability, caused at least in part by his "very large hernia and high blood pressure."[6] *See id.* at 53, 55.

------------------------------

[6] If, on remand, the ALJ has any doubt about this, it is incumbent on her to recontact Ms. Stom for clarification. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel or . . . by a paralegal.'").

Ms. Stom's findings also are consistent with the record, which shows that David was at high risk for recurrent hernias, that his hernias grew and became more painful over time, and that his pain was exacerbated by exertion or other physical activity.[7]  For example, in September 2014, Bala Thatigotia, M.D., found that David had a "high risk of hernia recurrence because of morbid obesity, body habitus, [and] weakened abdominal wall," *id.* at 478; a few months earlier, Dr. Thatigotia had reported that David's hernia had become "gradual[ly] worse[]" over several months and that it "significant[ly] compromise[d the] quality of his life," *id.* at 494.  Similarly, in an operative report for surgery done on November 30, 2015, Clarice Cooper, M.D., noted that within "approximately 1 month [of David's 2014 hernia surgery,] the hernia recurred and it ha[d] been growing since."  *Id.* at 684.  She also noted that "[i]t [was] symptomatic with pain[,] . . . limit[ed] his . . . ability to do any physical activity[,] and caus[ed] him great discomfort."  *Id.*; *see also id.* at 431 (Donna Miller, D.O., opining that David "should avoid any exertional activity").

---

[7] Although weighing the evidence and resolving conflicts is the province of the Commissioner, courts in this circuit have not hesitated to remand where new evidence "undercuts" the ALJ's reasoning.  *See King*, 2020 WL 52484723, at *5-*6 (citing *Lugo v. Berryhill*, 390 F. Supp. 3d 453, 460-61 (S.D.N.Y. 2019) (remanding where Appeals Council rejected new evidence based on reasonable probability standard "[b]ut that rationale fail[ed] to come to grips with the fact that the new evidence undercut[] the stated rationale of the ALJ"); *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218-19 (N.D.N.Y. 2014) (remanding where Appeals Council cursorily rejected new medical opinion that provided context to earlier medical opinion rejected by ALJ and addressed issues raised by the ALJ in rejecting the earlier opinion); *McIntire v. Astrue*, 809 F. Supp. 2d 13, 22-23 (D. Conn. 2010) (remanding where new medical opinion submitted to the Appeals Council contradicted medical opinion relied upon by ALJ and presented "a reasonable probability" of a different result)).  And for the reasons explained in this opinion, that is precisely the case here.  *See infra.*

Moreover, Ms. Stom's opinion, and especially the detail in her opinion, "significantly undercuts [the ALJ's] reasons" for finding that David's hernias were not severe and that he could perform light work despite his hernias.  *See King*, 2020 WL 5248473, at *5; *see also Lugo*, 390 F. Supp. 3d at 460-61.  For that reason, there is a "reasonable probability [Ms. Stom's] opinion would have influenced the [ALJ] to decide [David's] application differently" and find him disabled.  *See King*, 2020 WL 5248473, at *1.  And the failure to consider that opinion therefore requires remand.  *See Hollinsworth*, 2016 WL 5844298, at *3.

A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  A non-severe impairment, on the other hand, is one that presents only "a slight abnormality . . . [and] that has no more than a minimal effect on [the claimant's] ability to do basic work activities."  SSR 96-3p, 1996 WL 374181, at *1 (Jul. 2, 2006)[8] (citing SSR 85-28, 1985 WL 56856 (Jan. 1, 1985)).  In finding David's hernias not severe, the ALJ reasoned that David's 2014 and 2015 hernia surgeries healed well; that David had "no further complaints or symptoms" after April 2014; that his 2016 hernia was "asymptomatic"; and that his hernia "condition had improved."  *See* Docket Item 6 at 20-21.

But Ms. Stom's opinion directly contradicts the ALJ's conclusion that David had no hernia-related complaints after April 2014; that his hernia "condition had improved";

---

[8] This ruling was rescinded effective June 14, 2018.  *See* Rescission of SSRS 96-3p and 96-4p, 85 Fed. Reg. 27816-01, 2018 WL 3461816 (June 14, 2018).  Because David applied for disability benefits starting on November 13, 2013—that is, before the date the change became effective—his claim is governed by the prior ruling.

and that his 2016 hernia was "asymptomatic." Ms. Stom described David's 2016 hernia as "very large," and she found that it made David "extremely medically unstable," *see id.* at 53, 55—so unstable, in fact, that David was significantly limited in his ability to lift, stand, and walk, among other things. *Id.* at 53-54. Indeed, David was unable to walk for even six minutes, so his hernia certainly presented more than a "slight abnormality [with only a] minimal effect" on David's ability to work. *See* SSR 96-3p, 1996 WL 374181, at *1. Ms. Stom's opinion therefore supports the conclusion that David's recurrent hernias were quite severe. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The Commissioner suggests that even if the ALJ erred in finding that David's hernias were not severe, any error was harmless because "the ALJ stated that all impairments[, severe and non-severe,] were considered in determining [David's] RFC." *See* Docket Item 15-1 at 19. And the Commissioner is correct that the ALJ *stated* that she considered all of David's impairments in formulating the RFC. *See* Docket Item 6 at 22. But there is good reason to believe that she did not actually do what she said she did.

In fact, none of the medical evidence or medical opinions that the ALJ discussed in the context of the RFC even mentioned David's hernias. *See id.* at 23-26. Furthermore, while there were medical opinions in the record related to David's hernias, the ALJ discounted all of them as either "vague" or "lack[ing] a function-by-function assessment of [David's] ability to do work-related activities" in finding the hernias not severe.[9] *See id.* at 20-21. And although the ALJ recognized that David's 2016 hernia

---

[9] This also evidences a gap in the medical evidence that Ms. Stom's opinion might well fill. *See Rosa*, 168 F.3d at 79.

8

was exacerbated by standing, there is no standing or other exertional limitation in the RFC. *Compare id.* at 21 (ALJ's finding that David "complained [] of swelling that was worse when he was upright"), *with id.* at 23 (RFC lacking a standing limitation). So it does not appear that the ALJ considered David's hernias when formulating the RFC after all.

What is more, Ms. Stom's opinion, rendered just a few weeks after the ALJ's decision, significantly conflicts with the RFC in that decision. The ALJ found that David had the RFC "to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except he can only occasionally climb ramps or stairs, ladders, ropes, and scaffolds, balance, stoop, kneel, crouch, and crawl." *Id.* at 23. That means David could lift up to "20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining light work). And "light work" also "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* But according to Ms. Stom, David could not perform even sedentary work, *see* Docket Item 6 at 55, let alone more strenuous light work. He could not lift or carry even ten pounds, and he could not walk for even six minutes. *Id.* at 53. So if Ms. Stom's opinion is factored in, it is not at all clear how David could lift up to twenty pounds, walk for most of the day, or otherwise perform "light work."

In sum, because Ms. Stom's opinion supports a finding that David's hernias are severe and that he cannot actually perform the work required by the RFC, her opinion "undercuts the stated rationale of the ALJ." *See Lugo*, 390 F. Supp. 3d at 460-61. Therefore, there is a reasonable probability that the ALJ may reach a different

conclusion in light of Ms. Stom's opinion.[10]   And that requires remand so that the ALJ

can consider Ms. Stom's opinion.   *See Hollinsworth*, 2016 WL 5844298, at *3 ("If the

Appeals Council fails to fulfill its obligations under [section] 416.1470(b), 'the proper

course for the reviewing court is to remand for reconsideration in light of the new

evidence.'") (citation omitted).

## CONCLUSION

The Commissioner's motion for judgment on the pleadings, Docket Item 15, is

DENIED, and David's motion for judgment on the pleadings, Docket Item 11, is

GRANTED in part and DENIED in part.   The decision of the Commissioner is

VACATED, and the matter is REMANDED to the ALJ for consideration of Ms. Stom's

opinion.


SO ORDERED.

Dated:        March 30, 2021
              Buffalo, New York


                                         */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

---

[10] The Commissioner does not argue that Ms. Stom's opinion is not "new" evidence.   *See* Docket Item 15.   Indeed, because Ms. Stom's opinion "did not exist prior to the ALJ's decision and is not cumulative of what is already in the record," there is no doubt that it is new.   *See Anthony P.B.*, 2021 WL 288769, at *3; *see also Simon v. Berryhill*, 2017 WL 4736732, at *2 (E.D.N.Y. Oct. 19, 2017) ("When evidence submitted by the applicant did not exist at the time of the ALJ's hearing, there is no question that the evidence is new and that good cause existed for applicant's failure to submit this evidence to the ALJ." (internal quotation marks and brackets omitted)).