UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID D.,[1]

      Plaintiff,

  v.                                                    19-CV-1380-LJV
                                                          DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

      The plaintiff, David D., is a prevailing party in this Social Security benefits action. His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 23. The defendant takes no position on the motion and defers to the Court's discretion as to the reasonableness of the fee requested. Docket Item 25.

      Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

David was awarded $126,087.12 in past-due benefits.  Docket Item 23-1 at 2; see Docket Item 23-3.  His counsel seeks $31,521.78 in fees, which is 25% of the past-due benefits and is consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 23-1 at 2, 6; Docket Item 23-4.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in Social Security law, the character of the representation provided, and the favorable results achieved.  See Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[2]  Id.  The $31,521.78 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on July 1, 2021, this Court previously awarded David's counsel $6,769.37 in fees under the Equal Access to Justice Act

---

[2] While the fee here constitutes an hourly rate of $958.10—high by Western New York standards—the precedent cited in counsel's fee application, the ability and expertise of counsel, the success of counsel's representation, and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  See Gisbrecht, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); see also Fields v. Kijakazi, 24 F.4th 845, 854-56 (2d Cir. 2022) (clarifying that "[i]n determining whether there is a windfall" courts "must consider more than the de facto hourly rate" and should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result").

.

("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 21, 22.  Because the fees granted above exceed the EAJA fees, David's counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $31,521.78, Docket Item 23, is GRANTED; and it is further

ORDERED that David's counsel shall refund the $6,769.37 in EAJA fees to David within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:   April 21, 2022
         Buffalo, New York


   */s/ Lawrence J. Vilardo*
   LAWRENCE J. VILARDO
   UNITED STATES DISTRICT JUDGE